IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE VAZQUEZ ORTIZ,<br><br>**Petitioner**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Respondent** | **CIVIL NO.** 04-2120 (JAG) |

**ORDER**

Jose Vazquez-Ortiz ("Vazquez") filed this petition, pursuant to 28 U.S.C. § 2255, requesting that the Court vacate, set aside, or correct his sentence imposed in Crim. No. 03-83 (JAG) (Docket No. 1). Vazquez sets forth as grounds for his petition the recent Supreme Court cases of Blakely v. Washington, 542 U.S. —, 124 S.Ct. 2531 (June 24, 2004). Given that the sate of law concerning federal sentencing guidelines has recently changed, the Court shall also consider the §2255 Motion under U.S. v. Booker, — U.S. —, 125 S.Ct. 738 (Jan. 12, 2005). The Court, however, finds that both cases are inapplicable to Vazquez's sentence and his petition for habeas corpus must be **DENIED**.

Vazquez collaterally attacks his sentence by arguing that his plea agreement contained a recommendation of a 68 to 78 months guideline range and that therefore his 84-month sentence is illegal under Blakely.

Civil No. 04-2120 (JAG)                                                2

First, the case of <u>Blakely</u> by itself is inapplicable to sentences imposed under the Federal Sentencing Guidelines.  The majority opinion specifically states so: "The Federal Guidelines are not before us, and we express no opinion on them."  <u>Blakely</u>, 124 S.Ct. at 2538 n.9. Even if <u>Blakely</u> merely reaffirms the rule set forth in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), by failing to object on <u>Apprendi</u> grounds before sentence was imposed, defendant Vazquez waived the argument.  <u>See, e.g.</u>, <u>U.S. v. Del Rosario</u>, 388 F.3d 1, 13 n. 8 (1st Cir. 2004).  Moreover, the record reveals that Vazquez was advised during the Rule 11 proceedings that any guideline computation contained in the plea agreement was only a recommendation to the Court, and that the sentencing judge court adopt or depart from such recommendations after considering all relevant facts outlined by the defense, the prosecutor and the probation officer. (See Rule 11 proceedings, Docket No. 193).

Second, the <u>Booker</u> opinion, which applied <u>Blakely</u>'s rationale to the Federal Sentencing Guidelines and rendered them merely advisory rather than mandatory, specifically states that it would only be applied "to all cases on direct review." <u>Booker</u>, 125 S.Ct. at 769.  Thus, because § 2255 provides collateral rather direct review, <u>See, e.g.</u>, <u>Vasquez v. Reno</u>, 233 F.3d 688, 694 (1st Cir. 2000)("Congress responded to this vexing situation by enacting 28 U.S.C. § 2255, a statute that gave federal prisoners the option of attacking their convictions collaterally in the sentencing court."),

Civil No.  04-2120 (JAG)                                             3

Therefore, Vazquez cannot rely on <u>Booker</u> or <u>Blakely</u> as grounds for an attack on his sentence.

Even assuming <u>arguendo</u> that <u>Booker</u> lends support to Vazquez's petition, it would nevertheless be dismissed.  First Circuit precedent establishes that "ordinarily the defendant must point to circumstances creating a reasonable probability that the [] court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' <u>Booker</u> regime."  <u>United States v. Antonakopoulos</u>, — F.3d —, No. 03-1834, 2005 WL 407365, *4 (1st Cir. Feb. 22, 2005); <u>see also</u> <u>United States v. Serrano-Beauvaix</u>, — F.3d —, Nos. 02-2286, 02-2682, 2005 WL 503247, *4 (1st Cir. March 4, 2005).  Vazquez has failed to carry this burden and, thus, his petition must be denied.  Judgment shall enter accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of April, 2005.

<span style="padding-left:50%">

<u>S/Jay A. Garcia-Gregory</u>  
JAY A. GARCIA-GREGORY  
United States District Judge
</span>